IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JAMES WASHINGTON JR. | § | |
| v. | § | CIVIL ACTION NO. 6:06cv146 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner James Washington, proceeding *pro se*, filed this application for the writ of habeas corpus complaining of the legality of his continued confinement.  This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Washington says that he was convicted of murder in November of 1983, receiving a sentence of 40 years in prison.  He filed a habeas corpus petition in 1993 saying that he was being denied parole and was overdue for release on mandatory supervision, but this was denied by the Western District of Texas.  In the present petition, Washington says that he is denied parole or mandatory supervision as a result of disciplinary cases which he receives.

On May 22, 2006, the Magistrate Judge ordered Washington to file an amended petition setting out his claims with more factual specificity.  In his amended petition, Washington refers to a disciplinary case which he received at the Wynne Unit in 1985, and to a lawsuit which he filed in 1993 regarding another disciplinary case.  Washington also refers to a case which he received after his arrival at the Powledge Unit, for which he did not give a date.  In April of 2006, Washington wrote a letter to the Court complaining about a disciplinary case which he received on March 28,

2006, for being out of place; he was found guilty of this case on March 29, 2006, and filed a Step One grievance, which was answered on April 11, 2006.

After review of the pleadings, the Magistrate Judge issued a Report on July 14, 2006, recommending that the petition be dismissed. The Magistrate Judge observed that the only two cases for which a specific date was given were in 1985 and 1993, and Washington's claims regarding these cases were barred by the statute of limitations, found in 28 U.S.C. §2244(d). The Magistrate Judge determined that Washington's claims about the March 2006 case were not part of the present petition because he did not even get this case until after the petition was signed, and Washington could not have exhausted his administrative remedies on it.

The Magistrate Judge went on to say that Washington did not show that he had exhausted available administrative remedies regarding his claim that he had been denied mandatory supervision, because procedural challenges to the denial of mandatory supervision are cognizable in state court even if the actual denial itself is not. *See* Ex Parte Geiken, 28 S.W.3rd 553, 558 (Tex.Crim.App. 2000). Consequently, the Magistrate Judge recommended that the petition be denied.

Washington filed objections to the Magistrate Judge's Report on July 26, 2006. In these objections, Washington says that: he sought habeas corpus relief in federal court in 1998, but he was told that he could file on "nothing but disciplinary cases;" the Fifth Circuit said that "the inmate did not file Step One and Step Two grievances," and so he is furnishing documents showing that he has exhausted his state remedies; that he "received a writ" showing that he has exhausted state remedies; and that he wants help getting the bad teeth removed from his mouth.

Washington attaches several grievances to his objections. Most of these either have no response or were unprocessed for procedural reasons; the one which was answered, a Step One grievance, complains of disciplinary cases which Washington received in February of 2005. The response to this grievance is that Washington received three disciplinary cases during that month, and that he received commissary restrictions along with other penalties, but that he is no longer on

the commissary restriction list.  Washington also has various instruction forms telling him how to file grievances.  Nothing in the documents which Washington furnishes, or in his objections, indicates that the Magistrate Judge's Report was in error.  His objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all pleadings, documents, and records in the case.  Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Petitioner are without merit.  It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court.  It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice as barred by the statute of limitations.  It is further

ORDERED that this dismissal is without prejudice as to any other civil action which Washington may bring, including challenges to disciplinary cases which fall within the limitations period, challenges to the procedures used by the Board of Pardons or Paroles, or complaints regarding the dental care which he has received.  It is further

ORDERED that a certificate of appealability is DENIED *sua sponte*.  Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).  Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 15th day of August, 2006.**



**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**